IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-1330-WJM-JPO

RICHARD MARION,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO LIMIT THE TESTIMONY OF PLAINTIFF'S EXPERT, LORRAINE BERNS[,] PURSUANT TO FED. R. EVID. 702 AND 403**

---

Before the Court is Defendant American Family Mutual Insurance Company, S.I.,'s Motion to Limit the Testimony of Plaintiff's Expert, Lorraine Berns[,] Pursuant to Fed. R. Evid. 702 and 403 ("Motion"). (ECF No. 59.) Plaintiff Richard Marion filed a response. (ECF No. 63.) Defendant filed a reply. (ECF No. 66.)

Neither party requested an evidentiary hearing on the motions, and the Court finds it does not need one to resolve them. For the following reasons, the Motion is granted in part and denied in part.

## I. LEGAL STANDARDS

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005). Expert opinion testimony is admissible if it is relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993). The opinions are relevant

if they would "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702 (as amended on Dec. 1, 2023).  They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) his opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles and methods."  *Id.*  The proponent of expert testimony has the burden to show that the testimony is admissible.  *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

Federal Rule of Evidence 401 provides that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Federal Rule of Evidence 402 provides that relevant evidence is admissible unless any of the following provides otherwise, including the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court.  Further, Rule 402 provides that irrelevant evidence is not admissible.

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## II. ANALYSIS

Plaintiff disclosed Lorraine Berns as his retained liability expert, along with her affirmative expert report, dated March 15, 2023.  The Court addresses Defendant's objections to Ms. Berns's testimony below.

### A.      Opinions that Defendant Unreasonably Delayed Benefits

Defendant argues that Ms. Berns's opinions that it unreasonably delayed benefits

to Plaintiff are legal conclusions and therefore improper expert opinion that should be excluded from trial. (ECF No. 59 at 5.) Examples of opinions that Defendant argues are objectionable include:

- "<u>Unreasonably</u>, on January 27, 2022, in response to Mr. Marion's counsel's $250,000 demand, American Family offered $70,000 based upon "*No mention of an elbow injury in his medical records until 11/30/17*." Ex. A, Berns Report, p. 29.
- "In my opinion, American Family's sloppy undocumented claims evaluation contributed to <u>its unreasonable delay/denial of payment of UIM benefits</u> owed to Mr. Marion." Ex. A, p. 30, (emphasis in original).
- "American Family's failure to engage in a prompt reasonable investigation caused <u>unreasonable delay in payment and denial</u> (through omission) of Mr. Marion's UIM benefits." *Id*. at p. 33 (emphasis in original).
- "American Family's hardline position of applying Nebraska law to Mr. Marion's recoverable damages arising from the Colorado tort, contributed toward its <u>unreasonable delay</u> in settling his UIM claim and fell below industry standards for insurance claims handling." *Id*. at p. 38 (emphasis in original).
- "My review of the claims file reveals American Family exhibits <u>a pattern of ignoring Colorado law</u> and attempting to circumvent Colorado law when it does not benefit them." *Id*. at p. 38 (emphasis in original).

(ECF No. 59 at 6–7.)

Plaintiff responds that he "has no intention of asking Ms. Berns to usurp the role

3

of the jurors by having her tell them what 'the law' is or is not in this case; nor does Plaintiff intend to elicit from her any improper 'legal conclusions.'" (ECF No. 63 at 4.) Instead, Plaintiff explains that he intends to question Ms. Berns in four areas:

> (1) her background in automobile insurance claim handling, as more particularly described in her CV,[] which references more than 30 years of experience; (2) the facts and data she reviewed and considered in preparing her March 17, 2023, expert witness report; (3) her knowledge of insurance industry standards applicable to the handling of UIM claims, such as Plaintiff's claim, including standards articulated by American Family in its claims manual and other written materials produced in this case; and (4) her observations / conclusions as to whether the insurer's claim handling, as documented in its claim file and elsewhere, evidenced compliance with industry standards.

(*Id.*)

Defendant's objections are well-trodden ground, and as Defendant points out, an opinion authored by the undersigned, *O'Sullivan v. Geico Casualty Company*, 233 F. Supp. 3d 917 (D. Colo. 2017), remains particularly relevant.

Under Federal Rule of Evidence 704(a), an expert's opinion is not inadmissible simply because it embraces an ultimate issue to be determined by the trier of fact. Fed. R. Evid. 704(a). As explained in *O'Sullivan*, the reasonableness of an insurer's conduct is "determined objectively, based on proof of industry standards," and the jury will be tasked with deciding whether Defendant's actions were reasonable based, in large part, on expert testimony regarding insurance industry standards. *O'Sullivan*, 233 F. Supp. 3d at 928. Thus, the Court concludes that Ms. Berns may offer testimony articulating what she believes to be the relevant industry standards, and explaining—factually—how Defendant's conduct did or did not comport with those standards. *See id.*

She may not, however, offer ultimate legal opinions, and she "may not simply tell

4

the jury what result it should reach without providing any explanation of the criteria on which that opinion is based or any means by which the jury can exercise independent judgment. *See id.* (citing *United States v. Richter*, 796 F.3d 1173, 1195–96 (10th Cir. 2015)).  Accordingly, the Court excludes Ms. Berns's opinions that Defendant's conduct was unreasonable or insufficient as a matter of law, or was in violation of any statute. She is unqualified to offer such opinions as a matter of legal expertise, Fed. R. Evid. 702(a), and such ultimate conclusions would not be helpful to the jury and would improperly intrude on its fact-finding function.  *See id.* (citations omitted).

The Court directs Plaintiff to ensure that Ms. Berns's testimony conforms to the guidelines set forth in *O'Sullivan*.  Accordingly, this portion of the Motion is granted to the extent explained above.

### B.   Opinions Concerning Defendant's Motives or State of Mind

Next, Defendant argues that Ms. Berns's "speculative opinions regarding American Family's motives or state of mind during the handling of Plaintiff's claim are impermissible and should be precluded from trial."  (ECF No. 59 at 7.)  Specifically, Defendant objects to Ms. Berns's opinion that "'[it] appears American Family was making excuses (because it did not know the basis of its evaluation) or was unaware of the laws of the states where it conducts business (including Nebraska)' is speculative, lacks foundation, and is unduly prejudicial."  (*Id.* at 7–8.)  Further, Defendant argues that such opinions concerning Defendant's motivation or state of mind regarding policy limits are not based on any personal knowledge or personally observed facts or data.  (*Id.* at 8.)

Plaintiff responds that Defendant's arguments "go to weight and not admissibility and are better left for trial" and that Defendant has "failed to demonstrate the type of

prejudice that would be needed to preclude Ms. Berns['s] remarks, *i.e.*, prejudice that cannot cured through vigorous cross-examination or limiting instruction from the Court." (ECF No. 63 at 8.)  Additionally, Plaintiff points out that insurance experts may draw reasonable inferences from the facts in question.  (*Id.*)

The Court grants in part and denies in part this portion of the Motion.  The Court grants the Motion to the extent that Plaintiff may not elicit testimony regarding Defendant's motives or state of mind because such testimony *would* constitute speculation.  However, the Court denies the Motion to the extent Ms. Berns is permitted to testify about facts from which the jury could infer intent, as such testimony is proper expert testimony.  *See AECOM Tech. Servs., Inc. v. Flatiron | AECOM, LLC*, 2024 WL 38181, at *3 (D. Colo. Jan. 3, 2024) (citing *McCullon v. Parry*, 2021 WL 4947237, at *4 (D. Colo. June 23, 2021)); *Pinon Sun Condo. Ass'n v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *8 (D. Colo. Mar. 25, 2020) (experts "cannot testify as to motive, intent, or state of mind, but . . . can testify to facts from which the jury can then infer motive, intent, or state of mind.").

**C.     Opinions Regarding Nebraska Law**

Defendant argues that Ms. Berns is not qualified to render opinions regarding Nebraska's Unfair Claims Settlement Practices Act.  (ECF No. 59 at 9.)  Defendant emphasizes that Ms. Berns has not worked in the insurance industry in Nebraska, has not evaluated a Nebraska claim, and is not familiar with Nebraska law.  (*Id.*) Additionally, Defendant argues that opinions regarding American Family improperly or incorrectly applying Nebraska law (in other words, saying that Defendant should have applied Colorado law) to Plaintiff's claims are also impermissible expert opinion that usurp the function of this Court.

Plaintiff responds that Ms. Berns should be allowed to opine that Defendant contravened insurance industry standards recognized in both Nebraska and Colorado by failing to provide a reasonable explanation for its assorted offers of compromise. (ECF No. 63 at 9.)

As an initial matter, the parties are aware that a question remains in this case concerning whether Colorado or Nebraska law applies to Plaintiff's claims.  On July 11, 2024, the parties filed a Notice stating that they agree that Nebraska law applies to the breach of contract claim but do not agree on the law applicable to the remaining bad faith claims.  (ECF No. 67.)  With this unresolved issue still in the case, the Court rules as follows.

The Motion is granted to the extent that Ms. Berns is precluded from offering opinions on Nebraska's Unfair Claims Settlement Practices Act.  The Court, and no one else, will determine what law applies to the remaining claims in this case, and Ms. Berns may not offer opinions concerning which state's law Defendant should have applied.  However, the Motion is denied to the extent that Ms. Berns may offer opinions concerning whether Defendant's offers of compromise complied with the applicable insurance industry standards.  Ms. Berns's trial testimony on this topic remains subject to the Court's forthcoming ruling on the choice of law issue.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that the Motion (ECF No. 59) is GRANTED IN PART and DENIED IN PART, as set forth above.

Dated this 12th day of July, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge